IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GILBERT TORRES-REYES, | ) | |
|---|---|---|
| | ) | Civil Action No. 07-1498 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| RAMON RUSTIN, WARDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.        RECOMMENDATION**

It is respectfully recommended that the this action be dismissed for failure to prosecute.

**II.       REPORT**

On November 5, 2007, Plaintiff, an inmate then confined at the Allegheny County Jail (ACJ), filed a civil rights complaint with a motion to proceed *in forma pauperis* (IFP). On January 31, 2008, the Marshal were directed to serve the Complaint. On March 26, 2008, the Marshals indicated they were unable to effectuate service. Sometime thereafter, the Court learned that Plaintiff had been released from custody and had failed to inform the court of his current address. Therefore, on October 23, 2208, the Court ordered Plaintiff to file with the Clerk of Court a reason to show cause why this case should not be dismissed for failure to prosecute no later than November 14, 2008 (doc. no. 12). The Order informed Plaintiff that his failure to respond by November 14, 2008, would result in a report to a District Judge recommending dismissal of this case. Plaintiff has failed to comply with this order.

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court

to consider whether the ends of justice would be better served by a lesser sanction." *Id*.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper.

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*., at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above follows.

1. The extent of the party's personal responsibility

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

2. Prejudice to the adversary

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendants have not been served. Accordingly, this favor is neutral.

3. A history of dilatoriness

Plaintiff has not made any effort to move this case forward and has failed to apprise the Court of his current whereabouts. This is sufficient evidence, in the court's view, to indicate a history of dilatoriness.

4. Whether the party's conduct was willful or in bad faith

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

5. Alternative sanctions

Plaintiff is proceeding *pro se* and *in forma pauperis*. Thus, any sanction imposing costs or fees upon Plaintiff would be ineffective as a sanction.

6. Meritoriousness of Plaintiff's case

Plaintiff has failed to set forth sufficient allegations upon which to assess liability against Defendants. Thus, this factor weighs in favor of dismissal.

Five of the six Poulis factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute it.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

          Lisa Pupo Lenihan
          United States Magistrate Judge

Dated: December 2, 2008

GILBERT T. REYES, 136890
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219-3100